**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-CR-20389-RKA

**UNITED STATES OF AMERICA**

vs.

**JULIAN JIMENEZ,**

    **Defendant.**
_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Julian Jimenez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Indictment, which charges the defendant with Interstate Stalking, in violation of Title 18, United States Code, Section 2261A(1) (Count 1); Conspiracy to Use and Carry a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Section 924(o) (Count 2); and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 925(c)(1)(A)(iii) (Count 3).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

1

sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years followed by a term of up to three (3) years of supervised release as to Count 1 of the indictment. The defendant further understands that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years followed by a term of up to three (3) years of supervised release as to Count 2 of the indictment. The Court must also impose a term of imprisonment of ten (10) years and may impose a maximum term up to life imprisonment, followed by a term of supervised release of up to five (5) years on Count 3. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, as to each count. The Court must order restitution and may order forfeiture.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count of conviction, for a total of $300. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is

financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office, however, will not be required to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation

3

office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level:</u> That the base offense level is a 33, pursuant to Section 2K2.1(c)(1)(A), which cross references Section 2X1.1(c)(1), which directs the parties to Section 2A2.1(a)(1);

    b. <u>Serious Bodily Injury:</u> That the defendant should receive a two level increase because the victim sustained serious bodily injury pursuant to Section 2A2.1(b)(1);

    c. <u>Adjusted Offense Level:</u> That the applicable adjusted offense level under the circumstances of the offense committed by the defendant is Level 35; and

    d. <u>Total Offense Level</u>: That the defendant's total offense level with any applicable two-point reduction for acceptance of responsibility outlined in paragraph 6 is Level 33.

9. The defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the

4

Court nor Probation are bound by the parties' joint recommendations. Other than as set forth in this agreement, the parties are free to seek other enhancements, variances, and departures.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm and ammunition involved in or used or intended to be used in the offenses. The property subject to forfeiture includes, but is not limited to:

   i. One (1) .40 Sig Sauer pistol, model P229, serial number AE29558, and magazine;

   ii. Three (3) rounds .40 S&W ammunition.

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. In the event the defendant withdraws from this Agreement prior to pleading guilty or breaches the Agreement before or after he pleads guilty to the charges identified in paragraph 1 above or otherwise fails to fully comply with any of the terms of this Agreement, this Office will be released from its obligations under this Agreement, and the Defendant agrees and understands that:

   a. The defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule

5

11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the Government; and

b. The defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to this Agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8/9/23      By: _____
                      ABBIE D. WAXMAN
                      ASSISTANT UNITED STATES ATTORNEY

Date: 8/9/23      By: _____
                      MICHAEL E. GILFARB
                      ASSISTANT UNITED STATES ATTORNEY

Date: 8/9/23      By: _____
                      KATHERINE GUTHRIE
                      ASSISTANT UNITED STATES ATTORNEY

6

Date: 8/9/23          By: _____
                          ABIGAIL BECKER
                          ATTORNEY FOR DEFENDANT

Date: 8/9/23          By: _____
                          ANDREW JACOBS
                          ATTORNEY FOR DEFENDANT

Date: 8/9/23          By: _____
                          JULIAN JIMENEZ
                          DEFENDANT